The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez, all persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Please be seated. We'll begin with our first case, which is Capital Broadcasting v. City of Raleigh. Mr. Learberg, when you're ready, be pleased to hear from you. Good morning, and may it please the Court. Matt Learberg for the Plaintiff's Appellants. This declaratory judgment action poses a single question. What does the plain text of the federal statute, the DPPA, mean? There's no dispute over the facts here. There's no dispute over state law. And a federal court's authoritative reading of a federal statute will be dispositive of the entire case. That has always been enough to support federal jurisdiction. As far back as Smith v. Kansas City Title, the Supreme Court said that if the right set up by a party may be defeated by one construction of the Constitution or law of the U.S. and sustained by the opposite construction, jurisdiction may be had in the federal courts. So what do you say exactly is your basis for federal jurisdiction? The basis for federal jurisdiction is that this case turns entirely on federal law and the interpretation of a federal statute. Can that only be raised as a defense about the defendant? The cases that say that a federal defense is insufficient, every one of those cases involves a state law claim or a declaratory judgment action where the court may never reach that defense. So, for instance, in most of the cases cited by our opponents, including the Burrell case, there's a question of whether you start with state law and there may be a state law defense, the court may never reach the federal law. The state law may be sufficient in and of itself to dispose of the case. And the reason that there's no federal jurisdiction there, as Judge Easterbrook noted in his decision out of the Seventh Circuit, is then there's a risk that the federal courts will be issuing an advisory decision. There's a potential pathway where the federal court will hear the entire case and there will never be a federal issue. This is that rare case. How could the DPPA come in all of them defensively? It's defensively only in the sense that it is the reason why we are here. It is the reason that has been raised by the defendants for the change in their behavior. In tracing the history, these defendants... You're asking us to write in all kinds of exceptions to the face of the complaint rule. I mean, why not just keep it more straightforward and simpler and say that when the federal claim comes in only defensively, there's an absence of federal court jurisdiction. It's a 12B1 problem. Well, one of the concerns with that, Your Honor, is that it would be inconsistent with Columbia Gas, which this court decided in 2001. In that case, it was somewhat similar to this. It's probably one of the closest analogs. There's no perfect analog to this particular set of facts. But in Columbia Gas 2, there were two. It was another D.J. action. It was not removed. It was filed originally in federal court. And Columbia Gas sought a declaration that its easement was not an unconstitutional taking. It was trying to get ahead of a federal claim that it anticipated the defendant would raise. And what this court said is, because Drain could have brought a case, the declaratory judgment defendant could have brought a case in federal court, therefore, there's no reason the plaintiff can't bring a declaratory judgment in federal court. That's just fundamental fairness. It's the same thing here. This is what happened. These defendants had historically complied with state public records laws under provisions that everybody here agrees with. Everybody agrees that it requires the release of accident reports until the DPPA comes in, as interpreted by the Western District of North Carolina in Gaston in 2020. That one errant decision caused several law enforcement agencies to change their policy 100% solely because of the DPPA. That is the reason that they did it. And now, the sole basis for them to withhold these public records is this misreading of the federal statute. Which would be a defense to your claims. It is a defense in the sense that it is a defense runner, and I don't want to hide the ball on that. You are correct. The problem is that the precedent on defenses focuses on the fact that defenses come second. The proper reading of those precedents, as in Columbia Gas, is that there are state law issues that you have to drive through to get to the federal issues. It seems to me we are going through a lot of gymnastics to try to get a complicated set of criteria for a very simple rule. There is a value in simplicity with jurisdictional rules, and if a federal question comes in only defensively, that is just not enough. The DPPA could come into a case like this if the plaintiff raised a violation of the DPPA. But the violation that Congress set up was if some individual had their personal information disclosed unlawfully, then that individual who is disadvantaged by the unlawful disclosure has a claim under the DPPA. But here we have the exact opposite of that. The state is not trying to disclose private records. The state is resisting disclosure, and it doesn't seem to me that the statute provides a private right of action to a party in this sort of situation, as opposed to the situation where the state unlawfully discloses personal records. This is the exact opposite of it. Three things in response to that, Judge Wilkinson. First, we don't claim that there is a cause of action that leads to arising under jurisdiction. But it's been the law for 50 years that a cause of action is not the only pathway for federal jurisdiction. A substantial federal issue is also a pathway. So do you have a cause of action? Our cause of action is just the declaratory judgment. It's the inverse of the defendant's declaratory judgment. Which does not accord jurisdiction by itself. That's right. The federal declaratory judgment statute has been interpreted just as a procedural mechanism. But I think this is the key question. These defendants were faced with competing demands on them, right? They decided after Gaston, they were hearing from plaintiffs like in the Gaston case and in the Gary and Hatch cases that were heard before this court a few years ago. Those plaintiffs were kind of rattling their sabers saying, we're going to sue you if you continue to release these public records. At the same time, clients like mine, media companies, were reaching out and saying, we're going to sue you if you don't release them. So they were stuck between the classic, you know, Scylla and Charybdis, which is exactly why the declaratory judgment statute exists. To bring those kinds of right disputes. I don't think that there can be a dispute that these parties, these defendants, could have filed their own federal DJ action in federal court. Saying, throwing up their hands, we don't know what to do. We're hearing from two different sides with competing interpretations of a federal statute. We know what the state statute means, but we don't know what the federal statute means in coming to federal court and asking for that. The only difference in this case is that we brought that DJ action. And the answer for jurisdictions should be the same, regardless of who initiates that action. When the fundamental question is exactly the same, the dispute, it's an actual controversy, it's right, and it turns 100% federal question. It's something close to the fact that federal courts have a right to decide or an obligation to decide all federal questions, no matter how they come into the case. And what you would change the face of the complaint rule in a direction of federal courts have a virtually unflagging obligation to resolve federal questions, no matter how they get there. And that would work as sea change in federal jurisdictions. I don't believe it would, your honor. I think that the Supreme Court, the kind of high watermark of restriction on access to federal courts was probably the franchise tax case, which is now 40 to 50 years old. The most recent substantive response from our Supreme Court on this was in the early 2000s in the Grable case. What you're saying, I mean, Judge Agee made the point that the Federal Declaratory Judgment Act wasn't, it doesn't independently establish jurisdiction. It wasn't meant as any kind of exception to the face of the complaint rule. And if we took your view, anybody that wanted a judgment on a federal question would simply have to file a federal declaratory judgment action and say, you know, here's our federal question. We want a declaratory judgment. You have jurisdiction. Federal question, federal court. That just can't be structurally correct. It just can't be. Your honor, it is correct. It is correct when there's a substantial federal question. It's not just any federal question, right? It has to be substantial. Well, how do we decide? That's a litigious position. How do we decide just any federal question which you say can't come in from a substantial federal question? What's the definition of substantiality? Well, Judge, that's already the law. Whether you adopt our position or not, the question of this court having to suss out for this narrow category of cases, whether a federal question is... But does a substantial federal question mean it's a substantial federal question, we know it when we see it? Well, Judge, the courts that have wrestled with this, including the United States Supreme Court in Grebel, yes, it's a fuzzy test, just like the word substantial always is. But that already is the test. That's not something I'm proposing. This substantial federal question is already the test. And again, so in the Grebel case, I'll just give that as an example. It's discussed in this court's Burrill case. I believe Judge Floyd was on that panel from just a couple years back, one of the last times this court kind of set this out. First, the court said, we've got Merrill Dowell. That's a negligence per se case. The last thing in the world we want is every time a federal statute is lurking in the background, as in Penny, that that's enough to get into federal court. That addresses exactly your concern, Judge Wilkinson. That's one poll. But can't you get an answer from the state courts? State courts rule on federal questions all the time. They do. And in a case where there's state and federal issues both in the soup, absolutely, that's the right place to go. This involved North Carolina records law. You might want to have the state courts weigh in on the question of the scope of the North Carolina public records law. There's no dispute over the scope of the North Carolina public records law. Here's the issue, Judge. Right now, this issue, not the jurisdictional issue, the underlying merits issue about what does the DPPA mean. There are several North Carolina actions raising that question. The Gary and Hatch cases that were decided by this court, this court kind of stopped just short of handling this question and Judge Mott saved it for another day. There's the McClatchy case. That's in the middle district of North Carolina wrestling with these same issues. There's the Gaston case. I don't think McClatchy wrestled with a jurisdictional issue because it wasn't raised there. No, and I'm sorry, Your Honor, if I misspoke. I'm talking about the merits issues. The underlying merits issues are in other cases that are all of which are in federal court and other than McClatchy, none of which there's a jurisdictional dispute. There's no jurisdictional issue lurking, like the Durham case that's pending in the western district of North Carolina. Each one of these cases, these are all federal cases percolating through the system, posing versions of this merits question. A state court, a superior court judge in North Carolina, even if he or she were to pronounce on this, it's not going to provide finality. This case, the reason this is a substantial federal question is that this case can end the dispute. All of the folks out there clamoring that no, the personal information needs to be locked up, the media organizations asking for access and continually being thwarted, all of that goes away as soon as a federal court declares it. In fact, this court in particular, when this court says what the DPPA means and that it should be interpreted according to its plain text as the legislative history confers, that ends it. One thing we have to be a little concerned about is the Supreme Court, this Supreme Court now, and I think correctly so, is taking jurisdictional questions, questions of standing and jurisdiction, is taking those questions very seriously and is frowning upon the efforts of federal courts to manufacture and expand their jurisdiction as inconsistent with the restraint that's properly befitting the federal judicial role. These jurisdictional questions and these questions of standing and the like are regarded by this Supreme Court as essential to reigning in a runaway judicial power. And so that's their general approach to it, and we need to have some really compelling reason to say that their concern is misplaced. Judge, an affirmance in this case would require this court to ignore its own precedence and to ignore the United States Supreme Court decision in Grable, which is the last time the court spoke on this issue. This court would have to ignore Ormet, which was a Judge Niemeyer decision from 30 years ago, where this court recognized that where there's a federal issue in the case that's positive, that that justifies federal court jurisdiction. This court would have to overrule Columbia Gas 2, which is the closest analog we have. It's a declaratory judgment saying the other side's going to point to a federal statute, and we want the court to declare that that is insufficient. Well, is your claim framed as a First Amendment issue type thing? The First Amendment is involved in the case in this sense. But if that's so, how do you get around the Supreme Court decision in Hutchins that doesn't allow or doesn't guarantee public right to access information generated by the government? Judge, so there is a little confusion over that in the briefs, and I want to be clear about it. We do not dispute that the government can choose whether to release certain information to the public. That's true. But you didn't plead a First Amendment claim. No, Your Honor. It's just a declaratory judgment claim. And the way that the First Amendment ties in is this. The government can lock up information it can choose to release or not, but once information is made public and everyone agrees the North Carolina statutes say that these accident reports are public records, that's undisputed. Once information is public, the government cannot pick and choose who gets to see it. That's a classic First Amendment problem. But you never plead. No, it's a constitutional avoidance. In fact, the reason it's not pleaded here is to make this case straightforward and simple. This case presents a single issue that's dispositive. The only way the First Amendment works, and I see that I'm getting into my rebuttal time, Your Honor. Why don't you reserve some rebuttal time. So why don't we hear from you on rebuttal. In the meantime, let's hear from Mr. Tejada. I'm sorry, Mr. Tejada. We're happy to hear from you. Thank you, Your Honor. Good morning and may it please the court. My name is Alice Tejada and I represent the city of Raleigh. And I will also be arguing on behalf of the law enforcement agency defendants today. And Mr. Leersburg is correct. We're here on one simple, narrow issue, and that is whether the district court can reach the merits of the case in interpreting the Driver's Privacy Protection Act. And whether the plaintiffs have shown through their complaint, a well pleaded complaint as required by Article 3, that the court has subject matter jurisdiction to hear the claim. And we contend that the complaint in this case fails to meet that burden, that instead the plaintiffs are seeking simply an advisory opinion on the provisions of the DPPA and that Article 3 simply does not set up that type of relief. To point out what the complaint is actually seeking, it says that the plaintiffs, quote, wish to obtain, unquote, copies of these incident reports. And they're seeking a declaration that the law enforcement agencies are not prohibited from releasing these reports pursuant to the DPPA. And that is, in essence, trying to preclude the law enforcement agencies from a defense under the North Carolina Public Records Act. I assume you agree with opposing counsel that they could have brought a similar action in the North Carolina State Court. Absolutely, Your Honor. They just didn't do it. That's correct. And in terms of there being no factual issue or no legal issue really about the North Carolina Public Records Act and how that would be interpreted, the defendants disagree with that. In addition to any potential defenses that the law enforcement agencies may have in the DPPA, we do reserve the right to additional defenses in the reading of the Public Records Act, which the state courts are in the best position to interpret. So I can give you examples. In the Public Records Act, there are several exceptions, 132-1.4 for criminal records and any other types of records that law enforcement writes whenever they investigate any cases. Some of the records are public. Some of them aren't. 132-1.6 says that when there is a record with public information and confidential information, the state has the ability to redact the confidential information while still providing the information in the report itself that is public. And that happens every day, at least at the Raleigh Police Department, which is the agency that my office represents. In addition to the case of the complaint rule, there may be some prudential considerations that have this case going to state court, and that is that a lot of the resolution of the case hinges upon North Carolina public records law. That's correct, Your Honor. And what does public record mean? Because although the statute does say the incident reports are a public record, what does a public record mean when it comes to the incident report? And the Public Records Act has to be read as a whole to determine whether the names and addresses, which after all, they're not seeking the incident reports in and of themselves. All I hear you saying is that there are a whole lot of state law issues intertwined with the federal question. That is correct, Your Honor. And as this panel knows much better than I, it is black letter law that raising the federal law as an anticipatory defense is not a federal question. It's not a substantial. It is a federal question. It's just not a substantial one. Skelly, Franchise Board, Goley, Merrill Dow, and this court has ruled in Burl and Pinney as well. With regard to Columbia Gas, that is distinguishable because in that case, there was a coercive action that the natural plaintiff would have been able to raise. And in Columbia One, this court overturned the district court in Columbia One because at that point, the declaratory judgment relief that the plaintiff was seeking was based on the Petroleum Gas Act. That did not confer any cause of action on the plaintiff. Counsel, I thought you briefly laid out these points very well. Let me ask the members of the panel if they have some questions for you. I think just one opposing counsel indicates that this Grayville case from the Supreme Court after Franchise Tax Board marked some change. I was just curious as to your reaction to that. It's my understanding that under Empire Health Choice Assurance, which is the last case that the plaintiffs found that speak to the issue of a substantial federal question, that Grayville was distinguished by the Supreme Court in Empire Health Choice. They stated that there was no substantial federal question in Empire and the difference with Grayville was that in Grayville, there was federal action taken. Grayville was a quiet title claim where the issue became whether a sale was lawful or not because I believe it was the IRS sent a notice. There was a question about whether the notice was sent properly or not within the requirements of the statute. The federal government inserted itself in Grayville in the way that the federal government has taken no action here. For that reason, likewise in Empire Health Care, they found that it takes more than just having a federal question to open the door. That it takes a substantial federal question and specifically again, Empire reinforced that an anticipatory defense based in federal law is just simply insufficient to articulate a substantial federal question. Thank you. Do you have any further questions? We have no further questions. Thank you. Thank you. Council says that there are Article 3 problems in this case. There are not. It's decided that Article 3 definitely covers any federal question. This is a 1331 issue. That's not exactly true. It's any substantial federal question, right? Right, and that's a 1331 issue, not an Article 3. And so is a preemptive defense in this context a substantial federal question? It is in this rare kind of case. How? Because there are no, contrary to what the defendants say, there are no state law issues here. Read, I would encourage the court to read the declarations that are requested. We do not ask that they just release every record they have. We're asking for access to accident reports without the DPPA getting in the way. That's it. All of the other defenses are preserved. If a court were to rule in our favor, all of the concerns that were raised by Mr. Hart could be raised in an individual case. This is just a DJ action. I would ask this court as well to look at the Grable case as interpreted by the Empire case and this court's Burrell case, both of which discuss and distinguish those cases from Grable. In the Empire case, the reason that the United States Supreme Court said Grable was different is because in Grable, resolution of the federal question was dispositive. That is definitely true here because of the particular narrow declarations that are requested. And in the Burrell case, just a few years back, this court said that on the one hand, you have Merrill Dow, which would smuggle in way too many cases with federal questions lurking. And on the other hand, you have cases like Grable where a federal question is dispositive. That is this case. To affirm here would be to overrule several past Fourth Circuit precedents and to ignore the Supreme Court's last pronouncement on exactly this issue. If there are no further questions, we ask this court to reverse and send this case back for the district court to declare what a federal statute means, the dispositive issue in the case. Thank you. Thank you. We'll come down and greet counsel and proceed directly into our next case.
judges: J. Harvie Wilkinson III, G. Steven Agee, Henry F. Floyd